IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,421-02






EX PARTE RICKY EDWARD WELCH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 007-0681-05-B IN THE 7
TH DISTRICT COURT


FROM SMITH COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault 
and sentenced to twelve (12) years' imprisonment. He did not appeal his conviction. 

 Applicant contends inter alia that he is actually innocent of this offense and that the victim
has made a credible recantation. He alleges that his guilty plea was involuntary because counsel
rendered ineffective assistance. Specifically, he alleges that counsel told him that he would get life
imprisonment unless he confessed and that he, thus, pleaded guilty to an offense he did not commit. 
Applicant acknowledges that he has filed a prior 11.07 application for writ of habeas corpus but
argues that he is not barred from raising his claims because he is supporting his claims with evidence
which was unavailable when he filed his prior writ. In support of his claim, he has attached a
recantation affidavit from the victim, Sara Nicole Miel, dated 4/17/2007. He has also attached
witness statements from the victim's mother, Patricia Miel, and the victim's sister, Jessica Miel, dated
May 18, 2006, and June 26, 2006 respectively. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Tuley, 109
S.W.3d 388, (Tex. Crim. App. 2002); Ex parte Morrow, 952 S.W.2d 530 (Tex. Crim. App. 1997).
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim
of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to when and how Applicant found out about
the victim's recantation. The trial court shall make findings of fact as to whether counsel advised
Applicant that he would get life imprisonment unless he pleaded guilty and, if so, whether counsel's
advise was deficient. The trial court shall make findings of fact as to whether counsel was aware
about the victim's recantation and, if so, when counsel became aware of said recantation. The trial
court shall also make findings of fact as to whether the victim's recantation is credible and, if so, as
to whether Applicant is actually innocent of this offense. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 22, 2007

Do not publish